FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 05, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SYLVIA R., | No. 4:17-CV-05177-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 15, 20. Attorney Chad Hatfield represents Sylvia R. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 14. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI),

Disability Insurance Benefits (DIB), and Disabled Widow's Benefits (DWB) on September 12, 2013, Tr. 97-98, 108, alleging disability since January 1, 2013, Tr. 261, 268-69, 275, due to trigeminal neuralgia, carpal tunnel, pain on the left side, migraines, and a cough. Tr. 306. The applications were denied initially and upon reconsideration. Tr. 257-62, 168-73. Administrative Law Judge (ALJ) Larry Kennedy held hearings on February 4, 2016 and June 7, 2016 and heard testimony from Plaintiff and vocational expert Fred Cutler. Tr. 41-96. Plaintiff amended her date of onset to June 1, 2014. Tr. 49-50. The ALJ issued an unfavorable decision on June 22, 2016. Tr. 22-35. The Appeals Council denied review on August 28, 2017. Tr. 1-6. The ALJ's June 22, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on October 24, 2017. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 58 years old at the amended date of onset. Tr. 261. Plaintiff did not complete high school, but did obtain her GED. Tr. 52, 307. Her reported work history includes the jobs of assistant specialist II, caregiver, receptionist, and teacher's aide. Tr. 313, 325. When applying for benefits Plaintiff reported she was babysitting her grandchildren eight hours per day, five days per week and earning $804.00 per month. Tr. 306, 325. However, she stated that her conditions first started bothering her on January 1, 2013. Tr. 306.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo,

deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in significant numbers in the national economy. *Batson v.*

*Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004).  If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 22, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from June 1, 2014 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2014, the amended date of onset.  Tr. 27.

At step two, the ALJ determined that Plaintiff had the following severe impairments:  trigeminal neuralgia; carpal tunnel syndrome; and obesity.  Tr. 27.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 29.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work "with some additional limitations.  The claimant cannot climb and crawl.  She can frequently handle and finger.  The claimant must avoid concentrated exposure to hazards and heights." Tr. 30.  The ALJ identified Plaintiff's past relevant work as a child monitor and as a composite job containing elements from eligibility worker and social service aid. Tr. 33.  He found that she could perform this past relevant work.  Tr. 33.

In the alternative to finding Plaintiff ineligible at step four, the ALJ made a step five determination that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of hand packager and agricultural product packer.  Tr. 35.  The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from June 1, 2014, through

the date of the ALJ's decision.  Tr. 35.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) failing to make a proper step four determination; (2) failing to make a proper step five determination; (3) failing to properly weigh the opinion of Plaintiff's treating physician; (4) failing to fully develop the record; (5) failing to make a proper step two determination; and (6) failing to properly consider Plaintiff's symptom statements.

## DISCUSSION[1]

### 1.    Step Four

Plaintiff argues that the ALJ erred at step four by failing to meet the requirements of S.S.R. 82-62.  ECF No. 21 at 7 *citing Pinto v. Massanari*, 249 F.3d 840 (9th Cir. 2001).  At the hearing, the ALJ presented the vocational expert with a hypothetical limiting the individual to medium exertional work.  Tr. 89.  Yet, in his decision, the ALJ found Plaintiff's residual functional capacity to include a limitation to light exertional work.  Tr. 30.  However, despite this difference between the hypothetical given to the vocational expert and the ALJ's residual functional capacity determination, the ALJ adopted all of the vocational expert's findings in his decision at steps four and five.  Tr. 33-35.

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause.  To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

At step four, the claimant has the burden to show that she no longer has the capacity to perform her past relevant work. *Tackett*, 180 F.3d at 1098-99; *Pinto*, 249 F.3d at 844. The Commissioner may deny benefits at step four if the claimant can still perform (1) a specific prior job as "actually performed"; or (2) the same kind of work as it is "generally performed" in the national economy. *Pinto*, 249 F.3d at 845 (citing S.S.R. 82-61).

Although the claimant has the burden of proof at step four, an ALJ must still make "the requisite factual findings" to support his conclusions. *Pinto*, 249 F.3d at 844. An ALJ's determination at step four "must be developed and explained fully" and contain the following specific findings of fact: (1) the claimant's residual functional capacity; (2) the physical and mental demands of the past relevant job/occupation; and (3) that the claimant's residual functional capacity would permit a return to her past job or occupation. *See* S.S.R. 82-62.

In the ALJ's decision, he made the following factual findings: (1) Plaintiff had a light residual functional capacity with some additional limitations, Tr. 30; (2) Plaintiff's past relevant work consisted of two jobs: a child monitor, which is a medium, unskilled job; and a composite job containing elements of both eligibility worker, which is a sedentary, skilled job, and social service aide, which is a light, skilled job, Tr. 33; and (3) Plaintiff retained the ability to perform the child monitor job as both actually performed and customarily performed in the national economy, and she retained the ability to perform the composite job as she actually performed it. Tr. 34.

First, the ALJ erred in his conclusion that a light residual functional capacity allowed a person to return to the medium, unskilled job of child monitor as it is generally performed in the national economy. There is no factual finding by the ALJ that the job as Plaintiff actually performed it was anything other than at the medium exertional level. Tr. 33-34. Therefore, the ALJ also erred in his determination that Plaintiff could perform the job as she actually performed it.

Second, the ALJ erred in his step four determination regarding the composite job. Where past relevant work consists of "significant elements of two or more occupations" (i.e., is a "composite job"), benefits may not be denied based on a claimant's ability to do the same type of work as "generally performed." *Lee v. Astrue*, 2012 WL 3637637 (W.D. Wash. July 26, 2012); *see also* Program Operations Manual ("POMS") DI 25005.020(B) ("A composite job does not have a [Dictionary of Occupational Titles] counterpart, so do not evaluate it at the part of step 4 considering work "as generally performed in the national economy.""). A "composite" job necessarily has no specific counterpart in the Dictionary of Occupational Titles, and thus must be evaluated "according to the particular facts of each individual case." S.S.R. 82-61. A claimant may be found capable of performing such a composite job only if she is able to perform the requirements of all elements of the prior position. *Id.*; see also POMS § DI 25005.020(B).

Here the ALJ failed to make the required factual findings regarding the requirements of the composite job. Additionally, the vocational expert's testimony that a person similarly situated to Plaintiff could perform the composite job was based on a hypothetical residual functional capacity with a medium exertional level. Tr. 89. The ALJ provided a footnote in his decision, that if Plaintiff were limited to a light or sedentary residual functional capacity, she could still perform the composite job title, "which are performed at the sedentary level." Tr. 34. Once again, the ALJ made no finding that the composite job was sedentary as performed and the footnote fails to indicate whether the phrase "which are performed" refers to how the jobs are performed in the national economy or how Plaintiff performed these jobs. Tr. 34. Therefore, the ALJ erred at step four.

Defendant argues that Plaintiff's challenge to the ALJ's step four determination was solely premised on the ALJ's rejection of the medical opinions in the record and Plaintiff's symptom statements. ECF No. 20 at 8. However, Plaintiff's step four challenge was based on the ALJ presenting an incomplete

hypothetical to the vocational expert. ECF No. 15 at 19. Considering the ALJ's hypothetical to the vocational expert was for a limitation to medium work, and the residual functional capacity determination was for a limitation to light work, Plaintiff's challenge is sufficient to allow this Court to address the ALJ's error.

**2.      Step Five**

Plaintiff also argues that the ALJ failed to meet his burden in the alternative step five determination. ECF No. 15 at 20. At step five, the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson*, 359 F.3d at 1193-94. Here, the ALJ found that Plaintiff could perform the jobs of hand packager and agricultural product packer, both of which are medium, unskilled jobs. Tr. 35. Once again, the ALJ's residual functional capacity determination limiting Plaintiff to light exertional work is wholly inconsistent with a step five finding that Plaintiff could perform medium exertional jobs. Therefore, the ALJ failed to meet his burden at step five.

Defendant's response to Plaintiff's step five challenge was to simply assert that any error would be harmless because the ALJ's step four determination was supported by substantial evidence. ECF No. 20 at 8. However, as addressed above, the ALJ erred at step four. This error at step five is fatal to the ALJ's determination. Therefore, the case is remanded for additional proceedings.

**3.      Duty to Develop the Record**

Plaintiff asserts that the ALJ failed to fully develop the record by failing to send Plaintiff for consultative examinations. ECF No. 15 at 14-16.

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). "An ALJ's duty to develop the record . . . is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v.*

*Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) ("The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate[,] or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous."). The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

In his decision, the ALJ addressed the opinions of two medical professionals: (1) Plaintiff's treating physician, Dr. Brooks and (2) State Agency Reviewer, Dr. Rubio. Tr. 32-33. The ALJ gave controlling weight to the opinion of Dr. Rubio and rejected the opinions provided by Dr. Brooks. *Id.* Two reasons the ALJ provided for rejecting the opinions of Dr. Brooks were that his opinion was not supported in the record and the evidence did not show that the impairments he listed in his opinions were medically determinable. Tr. 33. In his first opinion, Dr. Brooks listed Plaintiff's diagnoses as somatization disorder, depressive disorder, anxiety disorder, low back pain, and bilateral knee pain. Tr. 426. In his second opinion, he listed Plaintiff's diagnoses as arthritis in the knees and lumbar spine and anxiety/depression. Tr. 585. However, there are no treatment records from Dr. Brooks in the administrative record. Therefore, the ALJ rejected the opinion of the treating physician, Dr. Brooks, because the evidence did not support his opinion, without considering any evidence of Dr. Brooks' treatment and examinations.

When Plaintiff applied for benefits and the various points of appeal, she did not list Dr. Brooks or his practice, Columbia River Medical Center, as a provider. Tr. 309-11, 330-31, 337-38. However, the record demonstrates that Dr. Brooks was listed as Plaintiff's primary care provider as early as December 2014. Tr. 443,

446. Plaintiff's attorney reported at the first hearing, that he had requested records from Dr. Brooks and the ALJ agreed to leave the record open to receive this evidence. Tr. 45. At the second hearing, the ALJ indicated that the Agency had some issues getting records from Dr. Brooks in other cases. Tr. 69. The Court acknowledges that Plaintiff's counsel never requested that the ALJ subpoena records, but there is evidence that Dr. Brooks was treating Plaintiff because her specialists were copying her records to him and instructing her to follow up with him. Tr. 443, 446, 452, 578.

The Court will not find error on the part of the ALJ because Plaintiff failed to request assistance in gathering the missing records and the ALJ allowed additional time for Plaintiff's counsel to submit the outstanding records at the first hearing. Tr. 45. However, since a remand is necessary in this case for the ALJ to properly address steps four and five, the ALJ is instructed to gather the missing records from Dr. Brooks. If this evidence is unavailable due to the circumstances surrounding Dr. Brooks' medical license as addressed in the second hearing, Tr. 67-71, the ALJ will send Plaintiff for a medical and psychological consultative examination prior to any additional proceedings.

**4. Step Two**

Plaintiff challenges the ALJ's step two determination that arthritis and anxiety were not medically determinable, severe impairments. ECF No. 9-11.

Considering the ALJ has been instructed to develop the record concerning both Plaintiff's physical and psychological medical impairments, he will make a new step two determination on remand.

**5. Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by her treating provider, Dr. Brooks. ECF No. 11-14.

Once again, the ALJ's development of the record will require him to readdress the opinion of Dr. Brooks on remand.

### 6. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable.  ECF No. 15 at 17-19.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record."  Tr. 30-31.  The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence.  See 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being remanded for the ALJ to develop the record and readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990);  *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to develop the record by gathering the outstanding evidence from Dr. Brooks or completing medical and psychological consultative evaluations, making a new step two determination, readdressing Dr. Brooks' opinions, readdressing Plaintiff's symptom statements, making a new step four determination, and, if necessary, making a new step five determination. Additionally, the ALJ will supplement the record with any outstanding evidence and call a vocational expert to testify in the remand proceedings.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this order.

3.      Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED March 5, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE